# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JON ELLINGTON TAYLOR** | )<br>)<br>) **Civil Action No.**<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) |
| **CHECKR, INC.** | )<br>) |
| **Defendant.** | )<br>)<br>) |

## COMPLAINT

## PRELIMINARY STATEMENT

1.  This is an action for damages brought by an individual consumer, Jon Ellington Taylor, against Defendant Checkr, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq., as amended.*

## THE PARTIES

2.  Plaintiff Jon Ellington Taylor is an adult individual residing in Germantown, OH.

3.  Defendant Checkr, Inc. ("Checkr, Inc.") is a consumer reporting agency that regularly conducts business in the Southern District of Ohio and which has a principal place of business located at 440 N. Wolfe Ave., Ste. 2224, Sunnyvale, CA 94085.

## JURISDICTION & VENUE

4.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

6. Defendant has been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's purported criminal history to third parties ("inaccurate information").

7. The inaccurate information includes, but is not limited to a conviction from the State of Kentucky for felony Aggravated Trafficking in Drugs that is not against the Plaintiff. The inaccurate information, instead, belongs to another person unknown and non-related to Plaintiff.

8. Defendant, however, has been inaccurately reporting this conviction on Plaintiff's consumer report.

9. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

10. Specifically, Plaintiff applied for a position with Uber on or around July 21, 2015 and was unable to obtain employment.

11. The basis for the lost employment opportunities was the inaccurate information that appears on Plaintiff's consumer reports sold by Defendant.

12. Plaintiff further disputed the inaccurate information with Defendant. Defendant, however, has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (2) contacted all third parties that would have relevant information concerning Plaintiff's dispute; (3) forwarded any relevant information concerning Plaintiff's dispute to the entities originally furnishing the inaccurate information; (4) requested or obtained the actual public records, police records or other records relating to the criminal charges.

13. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment, harm to reputation, emotional distress, humiliation and embarrassment.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in gross negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – CHECKR
## VIOLATIONS OF THE FCRA

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

18. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. § 1681e(b) and 1681i.

21. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff

that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

22.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;
(b) Statutory damages;
(c) Punitive damages; and
(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

Respectfully submitted,

By:    /s/ Matthew A. Dooley
Matthew A. Dooley    (0081482)
Anthony R. Pecora    (0069660)
**O'TOOLE McLAUGHLIN DOOLEY & PECORA, CO. LPA**
5455 Detroit Road,
Sheffield Village, Ohio 44054
Telephone:    (440) 930-4001
Facsimile:    (440) 934-7208
Email:    mdooley@omdplaw.com
apecora@omdplaw.com

**FRANCIS & MAILMAN, P.C.**
Gregory J. Gorski*
Land Title Building, 19th floor
100 South Broad Street
Philadelphia, PA 19110
Telephone:    (215) 735-8600, Ext. 212
Facsimile:    (215) 940-8000
Email: ggorski@consumerlawfirm.com
*Attorneys for Plaintiff*
* Pro Hac Admission to be filed